**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

RANDALL CHANDLER,            )
                             )
   Plaintiff,                )
                             )  **Case No.:**
   v.                        )
                             )  **COMPLAINT AND DEMAND FOR**
FRONTLINE ASSET STRATEGIES, LLC,  )  **JURY TRIAL**
                             )
   Defendant.                )  **(Unlawful Debt Collection Practices)**
                             )
                             )

RANDALL CHANDLER, ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FRONTLINE ASSET STRATEGIES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA.")

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Maryland, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

# PARTIES

5. Plaintiff is a natural person residing in Mesa, Arizona.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company and can be served at CSC-Lawyers incorporating Service Company, 7 St. Paul Street, Suite 1660, Baltimore, MD, 21202.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

# FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in its attempt to collect a consumer debt related to a credit card.

11. Upon information and belief, the alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes.

12. Throughout May 2012, Defendant's collectors, including Lynn, Kim and Justin, placed continuous and repetitive harassing telephone calls to Plaintiff's home telephone in its attempts to collect the subject debt.

13. Defendant's harassing collection calls originated from numbers including, but not limited to, (877) 258-1590. The undersigned has confirmed that this number belongs to Defendant.

14. Defendant called Plaintiff, on average, two to three times a day in its attempts to collect the alleged debt.

15. Defendant called Plaintiff, on occasion, before 8:00 a.m., including as early as

7:30 a.m.

16. Defendant's collectors used deceptive language when speaking Plaintiff, by telling him that the subject debt was going "into audit and then would go for judgment."

17. On other occasions Plaintiff was advised that the account would be referred to their lawyer if immediate payment was not made.

18. However, Defendant never took legal action against Plaintiff.

19. Upon information and belief, Defendant never intended to take any legal action against Plaintiff.

20. Defendant called Plaintiff's home number and spoke with his partner regarding the debt and identified where they were calling from without being asked for this information.

21. Defendant did not have Plaintiff's prior consent to contact his partner and discuss the subject debt.

22. Finally, Defendant did not provide Plaintiff with any written information within five days of its initial contact with him regarding how he could dispute the debt, how he could obtain verification of the debt, or that unless he disputed the debt within thirty days, the debt would be assumed to be valid, in violation of the FDCPA.

23. Defendant's continuous and repeated calls to Plaintiff were made with the intention of annoying, abusing, harassing, and coercing payment from him.

**COUNT I**
**DEFENDANT VIOLATED § 1692b(1) OF THE**
FAIR DEBT COLLECTION PRACTICES ACT

24. Section 1692b(1) of the FDCPA states that any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall, only if expressly requested, identify his employer.

25. Defendant violated § 1692(b)(1) of the FDCPA when it revealed the name of his or her employer without being prompted to do so by the third party hearer.

## COUNT II
### DEFENDANT VIOLATED § 1692c(a)(1) OF THE
FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from calling consumers at any unusual time, and in the absence of evidence to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 A.M. and before 9:00 P.M., local time at the consumer's location.

27. Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff before 8:00 A.M., including as early as 7:30 A.M..

## COUNT III
### DEFENDANT VIOLATED THE § 1692c(b) OF
FAIR DEBT COLLECTION PRACTICES ACT

28. Section 1692c(b) of the FDCPA states that a debt collector shall not state that a consumer owes a debt to a third party except for reasons expressly given under § 1692(b) without the prior consent of the consumer.

29. Defendant violated § 1692c(b) of the FDCPA when it spoke with Plaintiff's partner concerning the debt.

## COUNT IV
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

31. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it called Plaintiff before 8:00 a.m., when it threatened Plaintiff by telling him that the subject debt was going into "audit and then for judgment," when it contacted a third party without Plaintiff's consent to discuss the subject debt, and when it engaged in other harassing or abusive conduct.

## COUNT V
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

33. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT VI
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

34. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

35. Defendant violated § 1692e of the FDCPA when it told Plaintiff that this debt was

going "into audit and then would go for judgment," when it indicated the account was being referred to do an attorney, when it had no intention of taking either action, and when it made other false, deceptive or misleading representations.

### COUNT VII
### DEFENDANT VIOLATED § 1692e(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

36. Section 1692e(5) FDCPA prohibits debt collectors from threatening to take an action that cannot legally be taken or which is not intended to be taken.

37. Defendant violated § 1692e(5) of the FDCPA when it told Plaintiff that the subject debt was going into "into audit and then would go for judgment," and that it was being referred to an attorney, when this was not the case and Defendant had no intention of putting this matter into audit or for judgment, nor referring it to an attorney.

### COUNT VIII
### DEFENDANT VIOLATED § 1692e(10) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

38. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

39. Defendant violated § 1692e(10) of the FDCPA when it told Plaintiff that this debt was going "into audit and then would go for judgment," when it indicated the account was being referred to do an attorney, when it had no intention of taking either action, and when it made other false, deceptive or misleading representations.

6

PLAINTIFF'S COMPLAINT

## COUNT IX
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

40. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

41. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it called Plaintiff before 8:00 a.m., when it threatened Plaintiff by telling him that the subject debt was going into "audit and then for judgment" without the intent to do so, when it represented that it was referring the file to an attorney without the intent to do so, when it was inconsistent with the amount that Plaintiff owed, when it contacted a third party without Plaintiff's consent to discuss the subject debt, and when it engaged in other unfair conduct.

## COUNT X
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

42. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to a consumer on how to dispute the debt.

43. Defendant violated § 1692g(a) of the FDCPA when it failed to provide any written notification to Plaintiff in regards to the alleged debt within five days of its initial contact with the Plaintiff, including how to dispute the debt or obtain verification of the debt.

WHEREFORE, Plaintiff, RANDALL CHANDLER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RANDALL CHANDLER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 05/10/13           KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff, Esq.
    Kimmel & Silverman, P.C.
    30 E. Butler Avenue
    Ambler, PA 19002
    Tel: 215-540-8888
    Fax: 215-540-8817
    abennecoff@creditlaw.com

    Attorney for the Plaintiff